■ BERNARD WHEELER, Appellant, v. EUGENE J. TARASCHUK et al., Respondents.— Appeal by plaintiff from a judgment entered in Columbia County upon a verdict of no cause of action rendered at a Trial Term and from an order denying plaintiff's motion to set aside the verdict and for a new trial. The action

is in negligence and was brought against the operator and the lessee of a tractor-trailer and the owner of a passenger car to recover for plaintiff's personal injuries sustained when the tractor-trailer unit and an automobile operated by the plaintiff collided, following a collision between the tractor-trailer and the defendant Amoraso's automobile. Plaintiff does not seek a reversal as against the defendant Amoraso. The sole issue presented is as to the weight of the evidence. The accident occurred on a March evening, after dark, on the public highway known as Route 22, in Columbia County. The highway was 18 feet wide and was described as "very, very slippery" and as "nothing but a mass of glare ice". Plaintiff said that the weather was very misty and that a heavy rain was falling. As he commenced to descend a hill described as extending for some 1,000 feet at a grade of 7%, with a curve midway of the hill, the Amoraso car was ahead of him, proceeding in the same direction, and the tractor-trailer unit was approaching up the hill. The left rear fender of the Amoraso car collided with a left rear tire on the trailer but was not damaged except as the fender was marked, but not dented, by the trailer tire. The tractor-trailer unit continued, some 25 feet according to its operator, but, according to other testimony, a considerably greater distance, to a collision with plaintiff's automobile. Each operator testified that at the time of the collision his vehicle was traveling at close to minimum speed and was on or partly off the pavement on his side of the highway. Each asserted that the collision occurred in the lane in which he was lawfully proceeding. Plaintiff testified that the tractor-trailer approached at 40 miles per hour, and when 15 feet away crossed the highway diagonally and struck the car broadside. The tractor operator stated that the plaintiff's automobile was sliding or skidding downhill, with the rear portion of the car in the southbound lane, when the collision occurred, and that the impact forced the tractor slightly to the right and that, to avoid "jackknifing", he accelerated his speed and turned to the left but that the left wheel assembly was damaged so that he could not steer and the tractor veered to the left and crossed the highway. In urging a reversal, plaintiff attacks the credibility of the tractor-trailer operator's testimony and, in addition, relies largely on the physical evidence existing after the collision. The jury might well have disbelieved the latter operator's testimony as to the distance he travelled after the first collision but we cannot say that they were bound to do so or that, if they did, they were then required, first, to find incredible his version of the subsequent collision and, second, to accept plaintiff's testimony concerning it. Following the accident, the tractor was off the easterly side of the highway and its trailer crosswise of the northbound lane. Plaintiff's automobile was also off the easterly side of the highway, headed east and some 70 feet north of, and downhill from the tractor-trailer. The Amoraso car was at the bottom of the hill, some 400 feet northerly of the tractor-trailer, and was on the northbound strip, headed to the south. Plaintiff stresses testimony that the greatest concentration of certain debris, so-called, was on the easterly side of the highway. It is not clear, however, what the term "debris" as used by counsel and the witnesses was intended to include. There was disinterested testimony, however, that shortly after the accident parts of a battery box and front spring of the tractor were on the westerly side of the highway and that some, if not all, of the "debris" on the easterly side of the highway consisted of clothing and other articles said to have been thrown from the interior of plaintiff's car when the door opened. When and where, with reference to the original impact, the door opened does not appear. Under the circumstances, we do not regard the proof as to debris as of preponderant effect, whether considered alone or in conjunction with the proof as to the vehicles' positions

following the accident. The movements of automobiles colliding while proceeding downgrade or upgrade upon an icy surface are often inexplicable and in the circumstances here existing the positions of the vehicles subsequent to the accident afford little clue to their location preceding it. There were no marks upon the highway and the damage to the left side of the passenger car and the left front of the tractor does not appear inconsistent with either version of the accident. Under a charge to which no exception was taken, the jury were permitted to hold one or more of the operators negligent or to find unavoidable accident. In companion actions (not involved on this appeal) brought by the operator of the tractor-trailer and by its owner, the verdicts were also of no cause of action. Obviously the jury found either that the accident was unavoidable or that the two operators with whom this appeal is concerned were negligent. On neither theory was the verdict contrary to the weight of the evidence. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.